**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN MICELI,

        Plaintiff,

v.                                      Case No. 6:15-cv-1186-Orl-37KRS

DYCK-O'NEAL, INC.; and LAW
OFFICES OF DANIEL C.
CONSUEGRA, P.L.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendant, Law Offices of Daniel C. Consuegra, P.L.'s Motion to Dismiss Plaintiff's Complaint (Doc. 4), filed July 27, 2015; and

2. Plaintiff's Opposition to Defendant Law Offices of Daniel C. Consuegra, P.L.'s Motion to Dismiss Complaint and Supporting Memorandum of Law (Doc. 7), filed July 30, 2015.

Plaintiff brings this action against Defendants seeking declaratory, injunctive, equitable, and monetary relief for alleged violations of the Florida Consumer Collection Practices Act ("FCCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. 1, ¶¶ 50, 57, 64, 70, 77, 84, 89, 94, 101, 107 ("wherefore clauses").) Defendant Law Offices of Daniel C. Consuegra, P.L. moves to dismiss the requests for equitable relief in the three FDCPA counts, specifically Counts Eight, Nine, and Ten ("FDCPA Counts"), pursuant to Federal

Rule Civil Procedure 12(b)(6). (Doc. 4.) Plaintiff opposes the Rule 12(b)(6) Motion, contending that he has adequately stated a cause of action. (Doc. 7.)

Defendant asserts that Plaintiff failed to state a claim for non-monetary relief in his FDCPA Counts because "equitable relief is not available under the FDCPA." (Doc. 4 (citing *Sibley v. Fulton DeKalf Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982); *see also* Doc. 1 ¶¶ 95, 101, 107.) Because Defendant does not argue that Plaintiff failed to state an FCCPA, FDCPA, or FDUTPA claim, the Court construes Defendant's Motion as a motion to strike the requests for equitable, declaratory, and injunctive relief pursuant to Rule 12(f) and will take it under advisement.

"The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts, however, do not favor motions to strike on the aforementioned grounds. *Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A.*, 941 F. Supp. 1182, 1184 (M.D. Fla. 1996).

Despite Plaintiff's non-objection to an order striking the request for declaratory and injunctive relief (*see* Doc. 7, p. 9 ("Plaintiff is not opposed to an order striking the request for declaratory and injunctive relief.")), the Court finds that the motion is due to be denied. If Plaintiff prevails, the Court will award the appropriate relief at that time.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant, Law Offices of Daniel C. Consuegra, P.L.'s Motion to Dismiss Plaintiff's Complaint (Doc. 4), which the Court construed as a Motion to Strike, is **DENIED**. On or before Tuesday, **September 1, 2015**, Defendant Law Offices of Daniel C. Consuegra, P.L. is **DIRECTED** serve its answer to Plaintiff's Complaint (Doc. 2).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 19, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record