## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOHN MICELI,

        Plaintiff,

v.                                  Case No. 6:15-cv-1186-Orl-37KRS

DYCK-O'NEAL, INC.,

        Defendant.

_____

## ORDER

This cause is before the Court on the following:

1.      Plaintiff's Motion for Summary Judgment and Memorandum of Points and Authorities in Support (Doc. 39), filed March 11, 2016;

2.      Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 40), filed April 7, 2016; and

3.      Plaintiff's Reply Brief to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 41), filed April 20, 2016.

This action, which is proceeding on five counts under the Fair Debt Collection Practices Act ("**FDCPA**"), presents factual questions that must be resolved by a jury. As such, Plaintiff's motion for summary judgment is due to be denied.

## BACKGROUND[1]

On March 20, 2007, Plaintiff John Miceli obtained a mortgage loan ("**Mortgage**")

---

[1] These facts are drawn from the record evidence and viewed by the Court: (1) in the light most favorable to Defendant—the non-moving party; and (2) with all reasonable inferences drawn in favor of Defendant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006).

on his personal residence from Homecomings Financial, LLC ("**Homecomings**"). (Doc. 39-1, p. 47; Doc. 27-1, pp. 8–24.) On October 15, 2009, after Plaintiff defaulted on the Mortgage, GMAC Mortgage, LLC ("**GMAC**") initiated a foreclosure suit in state court ("**Foreclosure Action**"). (Doc. 39-1, p. 47; Doc. 27-1, pp. 1–3.) The Foreclosure Action court issued final judgment in favor of GMAC in the amount of $207,096.07 ("**Oustanding Debt**") and reserved jurisdiction to rule upon a deficiency decree ("**Foreclosure Judgment**"). (Doc. 39-1, p. 48; Doc. 27-1, pp. 47–52.)

GMAC subsequently purchased the Property at a foreclosure sale for $100.00 (Doc. 27-1, pp. 55–57) and assigned its bid to Federal National Mortgage Association ("**FNMA**") for one dollar ($1.00) (Doc. 27-1, pp. 53–54; Doc. 27-2, p. 1). As such, on July 21, 2010, the Clerk of Court issued a Certificate of Title of the Property to FNMA (Doc. 27, ¶ 15; Doc. 27-1, pp. 59–60).

Thereafter, FNMA had the Property appraised for purposes of a mortgage finance transaction, and a Uniform Residential Appraisal Report indicated that the Property was valued at $86,000.00 as of August 1, 2010 ("**Appraisal**"). (Doc. 27-1, p. 72–78.) However, in 2011, FNMA sent Plaintiff a 2010 IRS Form 1099-A, indicating that: (1) it acquired the Property; and (2) the fair market value ("**FMV**") of the Property was $209,465.16—an amount greater than the Outstanding Debt. (Doc. 39-1, p. 48; *see also id.* at 46.)

On May 20, 2014, FNMA assigned its interest in the Foreclosure Judgment and in any deficiency on the Mortgage to Defendant Dyck-O'Neal ("**Dyck**") for one dollar ($1.00) ("**Assignment**"). (Doc. 27-1, p. 99.) The Assignment was executed by Dyck as "attorney-in-fact" for FNMA. (*See id.*) Dyck did not request or receive from FNMA any 1099 forms related to the Mortgage or the Property. (Doc. 39-1, p. 3.)

Relying on the value of the Property in the Appraisal, on June 24, 2014, Dyck sued Plaintiff in state court for a deficiency on the Mortgage ("**Deficiency Action**"). (Doc. 27-1, pp. 61–62; Doc. 39-1, p. 2.) Specifically, Dyck sought a deficiency judgment of $121,096.07 plus interest ("**Alleged Debt**"). (Doc. 27-1, pp. 61–62.) Plaintiff answered in the Deficiency Action, asserting that the Form 1099A evidenced that the Property's FMV was greater than the Outstanding Debt and, therefore, no deficiency existed ("**Defense**"). (Doc. 27-2, pp.2–4.) On April 13, 2015, the Deficiency Action court granted final summary judgment in Plaintiff's favor. (Doc. 27-2, p. 80.) The court was persuaded by an expert's uncontroverted testimony that the FMV of the Property exceeded the Outstanding Debt (*see* Doc. 39-1, pp. 42–45) and expressly found that FNMA intended for Plaintiff to rely on the Form 1099A. (Doc. 39-2, pp. 16–17.)

Following the Assignment in May 2014, Dyck made monthly reports to three major Credit Reporting Agencies—Experian, Transunion, and Equifax (collectively, "**the CRAs**")—claiming that Plaintiff owed it the Alleged Debt. (Doc. 39-1, p. 48; Doc. 27-2, pp. 66–79.) Dyck did not correct its reports to the CRAs despite Plaintiff's assertion of the Defense in the Deficiency Action. (Doc. 39-1, p. 48.)

On February 19, 2015, PrimeLending declined to refinance Plaintiff's mortgage loan as a result of Dyck's negative reports and their impact on Plaintiff's credit score. (Doc. 39-1, p. 32; *see also id.* at 35–39.) Had PrimeLending approved the refinancing, Plaintiff would have saved $128.56 each month for the next thirty years. (*Id.* at 33.)

On June 19, 2015, Plaintiff initiated this action in state court (*see* Doc. 2), and Dyck removed on the basis of federal question jurisdiction (Doc. 1). Plaintiff now moves for summary judgment on the remaining claims. (Doc. 39; *see also* Docs. 27, 61.) The Motion

has been fully briefed (*see* Docs. 39, 40, 41) and is ripe for adjudication.

## STANDARDS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115–17 (11th Cir. 1993)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels of Real Property in Green and Tuscaloosa Ctys.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248) (1986)).

The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. *Battle v. Bd. Of Regents for Ga.*, 468 F.3d 755, 759 (11th Cir. 206). However, "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## DISCUSSION

Plaintiff asserts five claims against Dyck under the following provisions of the FDCPA:

- 15 U.S.C. § 1692e(2), which prohibits debt collectors from falsely representing the character, amount, or legal status of any debt ("**Count Two**");

- 15 U.S.C. § 1692e(8), which prohibits debt collectors from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" ("**Count Four**");

- 15 U.S.C. § 1692e(10), which prohibits debt collectors from using any "false representation or deceptive means to collect or attempt to collect any debt" ("**Count Five**");

- 15 U.S.C. § 1692f(1), which prohibits debt collectors from collecting any amount of debt "unless such amount is expressly authorized by the agreement creating the debt or permitted by law" ("**Count Six**"); and

- 15 U.S.C. § 1692c(b), which prohibits debt collectors from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector" ("**Count Seven**").

(*See* Doc. 27; *see also* Doc. 61.)

Plaintiff contends that summary judgment should be entered in his favor on each of these Counts because: (1) Dyck did not have a power of attorney from FNMA to execute the Assignment; (2) Dyck therefore lacked authority to make the negative reports to the CRAs or bring the Deficiency Action; and (3) Dyck lacked any legal entitlement to rely on the Appraisal as grounds for the Deficiency Action. (Doc. 39, pp. 13–15.)

The Court rejects Plaintiff's argument that the lack of evidence of a power of attorney entitling Dyck to effectuate the Assignment as attorney-in-fact for FNMA renders the Assignment invalid. (*See id.* at 8.) While there is no evidence of a power of attorney, there is also no evidence to the contrary—that is, there is no evidence that Dyck *did not* have a power of attorney entitling it to act as FNMA's attorney-in-fact. As such, construing the evidence in the light most favorable to Dyck, the Court cannot determine as a matter of law that the Assignment was invalid.

The Court also rejects Plaintiff's arguments that: (1) the Alleged Debt was invalid because the Appraisal did not value the Property as of the date of the foreclosure sale; and (2) Dyck was not entitled to rely on the Appraisal as grounds for the Deficiency Action. (*See id.* at 8–9.) To establish a deficiency, the proponent must prove that the FMV of the property foreclosed upon *as of the date of the foreclosure sale* was less than the outstanding debt. *See Estepa v. Jordan*, 678 So. 2d 876, 878 (Fla. 5th DCA 1996). Here, however, the question is not whether Dyck established a deficiency; rather, it is whether Dyck knew that the Appraisal—which appraised the Property only eleven days after the foreclosure sale—was an inaccurate valuation of the Property at the time of the sale such that Dyck knew there was no deficiency on the Mortgage.[2] Dyck only had the Appraisal— it did not have the Form 1099A. The record is devoid of any evidence that the Appraisal did not accurately reflect the value of the Property at the time of the sale, which occurred only eleven days prior.[3] Additionally, the record is devoid of any evidence that Dyck turned a blind eye to the Form 1099A or was unreasonable in relying on the Appraisal for the FMV of the Property at the time of the foreclosure sale. Thus, on this record, the Court cannot determine as a matter of law that Dyck had "no right" to rely upon the Appraisal as grounds for the Deficiency Action.[4] Accordingly, the Motion is due to be denied on

---

[2] As such, the Court rejects Plaintiff's arguments relating to issue preclusion. (*See* Doc. 39, pp. 9–10.)

[3] *See Getelman v. Levey*, 481 So. 2d 1236, 1240 (Fla. 3d DCA 1985) ("In setting the value of property, Florida courts will accept any evidence logically tending to establish a correct estimate of the value of the property [including evidence of prior or subsequent comparable sales]. . . . Where the time of the sale is not so remote as to destroy the evidentiary value of such testimony, it is largely within the discretion of the trial court to permit or exclude it.").

[4] Whether Plaintiff was entitled to rely on the Form 1099A as a final determination that it did not owe a debt on the Mortgage is irrelevant to the FDCPA claims against Dyck. (*See* Doc. 39, pp. 10–12.) This Court is not tasked with determining whether there was

these grounds with respect to each Count.

Specific to Count Seven, however, Plaintiff argues that Dyck had no right to communicate with the CRAs—that is, make the negative reports—because: (1) he did not have a power of attorney to execute the Assignment; and (2) the Form 1099A evidenced that there was no deficiency. (Doc. 39, p. 15.) Having rejected both of these arguments already, the Court finds that, based on the record construed in the light most favorable to Dyck, a reasonable juror could find that Dyck's communications with the CRAs were "otherwise permitted by law" and, therefore, not in violation of § 1692c(b). Thus, the Motion is also due to be denied in this respect.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment and Memorandum of Points and Authorities in Support (Doc. 39) is **DENIED**. This action will proceed on Counts Two, Four, Five, Six, and Seven.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 11, 2016.



ROY B. DALTON JR.
United States District Judge

---

or was not a deficiency on the Mortgage; indeed, that has already been done.

Copies:

Counsel of Record